# UNITED STATES DISTRICT COURT
For the
Northern District of Texas
Lubbock Division

| | | |
|---|---|---|
| **DAVID JOHN HETZEL, M.D.,** § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | | Civil Action No. 1:23-cv-152 |
| § | | |
| **ANC HEALTHCARE, INC., et al.,** § | | |
| *Defendant.* § | | |

## NON-PARTY TEXAS TECH UNIVERSITY HEALTH SCIENCE CENTER'S MOTION TO QUASH SUBPOENAS *DUCES TECUM* AND FOR PROTECTIVE ORDER

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**ERNEST C. GARCIA**
Chief, Administrative Law Division

**SHERLYN HARPER**
Texas State Bar No. 24093176
Assistant Attorney General
Sherlyn.Harper@oag.texas.gov

Administrative Law Division
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone:   (512) 475-4300
Facsimile:   (512) 320-0167

*Counsel for Non-party*
*Texas State Agencies*

### NON-PARTY TEXAS STATE AGENCIES' SECOND JOINT MOTION TO QUASH SUBPOENAS *DUCES TECUM* AND FOR PROTECTIVE ORDER

Non-party Texas Tech University Health Sciences Center at El Paso ( "TTUHSC") (Respondent), pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), submits the following motion to quash the *Subpoena Duces Tecum* (Subpoena) served on July 21, 2025.

### SUMMARY OF THE ARGUMENT

Sovereign immunity protects the State of Texas and its agencies from third-party subpoenas. *Russell v. Jones*, 49 F.4th 507, 514–15 (5th Cir. 2022) (reversing district court order compelling state officials' compliance with non-party subpoenas because "compelled compliance with a *subpoena duces tecum* violates the inviolable sovereignty retained by the states in the Constitution's wake" (citation and internal quotation marks omitted)). "[S]overeign immunity is an immunity from suit (including discovery), not just liability. Where sovereign immunity applies, it applies totally." *Id.* at 512 *(*citing *Mitchell v. Forsyth,* 472 U.S. 511 (1985)). In *Russell*, the Fifth Circuit stated that by "compelling a state to produce its papers, a *subpoena duces tecum* subjects a sovereign to the 'coercive process of judicial tribunals at the instance of private parties.'" *Russell*, 49 F.4th at 515 (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996)). The subpoena subjects the state agency to the coercive powers of the Court, which is barred by sovereign immunity, and the Court should quash it in its entirety.

The Eleventh Amendment was written "to prevent the indignity of subjecting a state to the coercive process of judicial tribunals at the instance of private parties." *Russell v. Jones*, 49 F.4th 507, 513 (5th Cir. 2022) (quoting *Ex parte Ayers*, 123 U.S. 443, 505 (1887)). When sovereign immunity applies, it applies not just to direct suits, but to the entire "coercive process of judicial

tribunals at the instance of private parties." *Id.* "Subpoenas duces tecum are a coercive judicial process [because] they [are] issu[ed] under the court's authority and are enforced by court order." *Id.* at 515. Causing a state agency that is not a party to the case to comply with a subpoena duces tecum "violates the 'inviolable sovereignty' retained by the states in the Constitution's wake." *Id.* (citing *Alden v. Maine*, 527 U.S. 706, 715 (1999) (quoting The Federalist No. 39, at 245 (James Madison))).

The Court lacks subject matter jurisdiction to cause the Subpoena duces tecum to be issued and compel compliance because Respondent has sovereign immunity and there has been no abrogation of that immunity for this suit.

The Respondent asks the Court to quash the subpoena because the State of Texas is protected by sovereign immunity, the subpoena is overbroad and unduly burdensome, require compliance beyond the geographic limitations, and would impose a substantial expense upon a non-party state and its taxpayers, which is not justified by the needs of the private individuals.

## INTRODUCTION

On or about July 21, 2025 the Plaintiff served a subpoena requiring TTUHSC to provide documents relating to the Plaintiff's employment, or potential employment, with TTUHSC. The Plaintiff's subpoena calls for expansive document production "at any time". See Exh. A ("Subpoena").

Prior to filing this motion, the attorneys for the State of Texas agencies conferred with Plaintiff's counsel and lodged its objections to the subpoena and asserted its claim of sovereign immunity. Plaintiff's counsel declined voluntary withdrawal of the subpoena and offered to confer to modify the request. Notwithstanding the offer to modify, TTUHSC asks the Court to quash the subpoena filed with the Court and incorporated into this motion as Exhibit A.

**ARGUMENT AND AUTHORITIES**

The Court must quash the subpoena issued to TTUHSC because the State of Texas retains its immunity from third-party discovery, and, separately, because the subpoena is overbroad, vague, and unduly burdensome.

**I.     Texas Agencies Retain Sovereign Immunity from Non-Party Subpoenas.**

The subpoena is barred in its entirety by sovereign immunity. *Russell v. Jones*, 49 F.4th 507, 513–15 (5th Cir 2022). In *Russell v. Jones*, the Fifth Circuit recognized that "[s]ubpoenas *duces tecum* are a coercive judicial process.  They issue under a court's authority and are enforced by court order. By compelling a state to produce its papers, a *subpoena duces tecum* subjects a sovereign to the coercive process of judicial tribunals at the instance of private parties." *Id*. at 515 (citation and internal quotation marks omitted). "[W]here a sovereign is otherwise entitled to immunity, that immunity extends to third-party subpoenas." *Id*. at 517. Therefore, "compelled compliance with a *subpoena duces tecum* violates the inviolable sovereignty retained by the states in the Constitution's wake." *Id*. at 515 (citation and internal quotation marks omitted).

The non-party subpoena violates the doctrine of sovereign immunity.  There has been no waiver or abrogation of that immunity, and in light of the protection immunity offers, the court lacked subject matter jurisdiction to issue it. Accordingly, this Court should quash the subpoena in its entirety. *TexasLDPC, Inc. v. Broadcom, Inc.*, Misc. No. 4:22-CV-01780, 2023 WL 3293292, at *2 (S.D. Tex. May 5, 2023) (quashing third-party subpoena to Texas state agency because "[a]s an agency of the State of Texas, TAMUS enjoys immunity from suit (including discovery) in federal court." (citing *Sullivan v. Texas A&M Univ. Sys.*, 986 F.3d 593, 595 (5th Cir. 2021))); *Thompson v, Richter*, No. 7:22-cv-00014-O, 2023 WL 7986341, at *2 (N.D. Tex. Nov. 17, 2023) (quashing third-party subpoena served upon the Texas Department of Public Safety because

"compelling DPS compliance with the third-party subpoenas violates sovereign immunity").

## II. The Subpoenas Are Overbroad and Unduly Burdensome.

Even if the Court were to not recognize that sovereign immunity bars the subpoenas, the Court nonetheless should quash them as overbroad and unduly burdensome. Fed. R. Civ. P. 45(d)(3)(A)(iv) ("On timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that . . . subjects a person to undue burden." (emphasis added)).

### A. The Applicable Standards Require That the Subpoenas Be Quashed.

In considering a motion to quash, courts balance the needs of the requesting party against the burdens imposed on the person responding to the subpoena, and the status of that person as a non-party is a factor. "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." <u>Wiwa v. Royal Dutch Petroleum Co.</u>, 392 F.3d 812, 818 (5th Cir. 2004).

Where the balance tips in favor of the person responding to a subpoena, "a court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit—and the court must do so even in the absence of a motion." *Dennis v. United States*, No. 3:16-cv-3148-G-BN, 2017 WL 4778708, at *4 (N.D. Tex. Oct. 23, 2017) (citing *Crosby v. Louisiana Health Serv. and Indem. Co.*, 647 F.3d 258, (5th Cir. 2011)).

While the party seeking to quash a subpoena bears the initial burden, the party who issued the subpoena has the burden of "establish[ing] a need for the breadth of the information sought, in

response to [a non-party's] *prima facie* showing that discovery would be burdensome." *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 425 (Fed. Cir. 1993). The party seeking discovery also has the burden of demonstrating its relevance. *American Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999). Plaintiffs cannot meet these burdens.

      B.      **The Subpoenas Are Unduly Burdensome.**

As an initial matter, the subpoenas are overbroad on their face. "A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (footnotes and internal quotation marks omitted). A subpoena is facially overbroad when it effectively requests all information in the non-party's possession concerning the underlying litigation. *MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018) ("Courts have found that a subpoena for documents from a non-party is facially overbroad where the subpoena's document requests seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date; [t]he requests are not particularized; and [t]he period covered by the requests is unlimited." (citation omitted)).

That definition applies here. Aside from the fact that the Plaintiff's subpoena spans an undefined time period seeking documents and communications from "any time", the subpoenas generally seek all of the information in the agency's possession concerning any communications with any Defendant and any document produced relating to Plaintiff. Any such request is facially overbroad. *MetroPCS*, 327 F.R.D. at 610. The Court should quash the subpoenas for this reason alone.

The burden on TTUHSC to comply with the subpoena would be extreme and require the following efforts on or before August 14, 2025:

- Locate, review, and produce nearly every document in the agency's possession concerning the parties.

- Divert high-demand information technology resources away from agency purposes.

- Manually sort through non-responsive, privileged, and confidential material for a connection to six corporate Defendants and their "subsidiaries or affiliated entities, officers, directors, employees, agents, representatives, contractors, predecessors, successors, assigns, and/or attorneys and anyone authorized to act on their behalf".

- Devote valuable employee time and resources to gathering, reviewing, and redacting sensitive and confidential information.

- Produce duplicative materials already provided to the parties and other parties and non-parties.

- Re-produce information easily accessible on the agency's website and other publicly available sources.

The exhibit shows that Plaintiff made no effort to tailor their subpoenas to avoid imposing an undue burden on the TTUHSC. This is the very burden that both Rule 45 and the doctrine of sovereign immunity are intended to prevent. *Russell*, 49 F.4th at 515 (sovereign immunity "aims to prevent the indignity of subjecting a state to the coercive process of judicial tribunals at the instance of private parties. These interests—the sovereign's dignity and authority over its prerogatives—are no less interesting when a sovereign is served with a *subpoena duces tecum* instead of a complaint."); *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) ("Although a plaintiff should not be denied access to information necessary to establish [its] claim, neither may a plaintiff be permitted to 'go fishing.'"); Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty . . . .").

**III.    Additional Grounds to Quash the Non-Party Subpoenas**

A.     **The Information Sought is Privileged.**

The subpoena seeks information regarding a medical committee's review of Plaintiff's credentials and qualifications for practice.  *See* Exh. A.  It also seeks documents evidencing the mental processes of the committee reviewing and considering Plaintiff's ability to practice.  *Id*.  Such information is statutorily protected and not subject to subpoena under Texas' Medical Peer Review Committee privilege found at 3 Tex. Occ. Code §§ 160.007(e) ("Unless disclosure is required or authorized by law, a record or determination of or a communication to a medical peer review committee is not subject to subpoena or discovery…without waiver of the privilege of confidentiality executed in writing by the committee.")   The subpoena should be quashed as compliance with it would be unlawful and TTUHSC has not waived its privilege.

B.     **Plaintiff's Require Compliance Outside of the Geographic Limits of Rule 45.**

Plaintiff seeks documents to be produced and delivered to an electronic email address at their offices located in North Carolina, far beyond the 100 mile rule found in Rule 45.  The subpoena must be quashed on this basis alone because it falls outside the scope of the subpoena power. Fed. R. Civ. P. Rule 45(c)(2)(A).  "the court for the district where compliance is required must quash or modify a subpoena that ... requires a person to comply beyond the [100 mile] geographical limits specified in Rule 45(c)." *Architectural Granite & Marble, LLC v. Pental,* No. 3:20-CV-295-L-BK, 2022 WL 1090263, at *2 (N.D. Tex. Jan. 10, 2022).  Because the subpoena fails to comply with the limits of Rule 45(c), it is invalid.  *Id.* citing *U.S. Risk Ins. Grp., Inc. v. U.S. Risk Mgt., LLC*, 3:11-CV-2843-M-BN, 2014 WL 4055372, at *1 (N.D. Tex. Aug. 15, 2014)).

The subpoena requires compliance by electronic delivery. *See* Exh. A.  Courts in this district have found that electronic delivery beyond the 100 mile limitation of Rule 45(c) must be

quashed. *Id.* ("[the] implication that the 100-mile limit does not matter because the discovery will be produced electronically is meritless as Rule 45 expressly incorporates electronic discovery in its geographic limitation".). The Court must quash a subpoena that fails to comply with the geographic limitations of the Rule 45(c).

## CONCLUSION

The subpoena is barred by sovereign immunity, and the Court should quash it in its entirety on that basis alone. But even if they were not barred, the broader context in which the subpoena was issued makes plain it should be quashed for other reasons as well. The subpoena is overbroad, unduly burdensome, seek privileged and protected information, and are out of proportion to the Plaintiff's needs. Accordingly, the Court should quash the non-party subpoenas in whole.

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**ERNEST C. GARCIA**
Chief, Administrative Law Division

*/s/ Sherlyn Harper*
**SHERLYN HARPER**
Texas State Bar No. 24093176
Assistant Attorney General
Sherlyn.Harper@oag.texas.gov
Administrative Law Division
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, Capitol Station

Austin, Texas 78711-2548  
Telephone: (512) 475-4300  
Facsimile: (512) 320-0167

*Counsel for Non-party*
*State of Texas Agencies*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that an attempt to confer with the issuing attorneys was made on August 4, 2025 by the attorneys representing the Agencies from the Administrative Law Division of the Texas Attorney General's Office. As of the filing, to the undersigned's best knowledge and information, the Motion to Quash and for Protective order is opposed.

/s/Sherlyn Harper  
**SHERLYN HARPER**  
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that on August 13, 2025, the foregoing document was served via electronic transmission upon the following counsel of record:

| | |
|---|---|
| **Kristen Lin Beightol**<br>Edwards Beightol, LLC<br>PO Box 6759<br>Raleigh, NC 27628<br>919-636-5100<br>919-495-6868 (fax)<br>klb@eblaw.com<br><br>**Catharine E. Edwards**<br>Edwards Beightol LLC<br>PO Box 6759<br>Raleigh, NC 27628<br>919-636-5100<br>cee@eblaw.com<br><br>***Counsel for Plaintiff***<br>***David John Hetzel*** | **David Chase Hawisher**<br>Roberts & Stevens PA<br>301 College St, #400<br>Asheville, NC 28801<br>704-206-0583<br>dhawisher@roberts-stevens.com<br><br>**Phillip T. Jackson**<br>Roberts & Stevens, P.A.<br>P.O. Box 7647<br>Asheville, NC 28802<br>828-252-6600<br>828-253-7200 (fax)<br>pjackson@roberts-stevens.com<br><br>***Counsel for Defendant***<br>***HCS Healthcare Mission Fund, LLC*** |

| | |
|---|---|
| **Hanna Elizabeth Eickmeier**<br>Bradley Arant Boult Cummings LLP<br>214 N. Tryon Street<br>Suite 3700<br>Charlotte, NC 28202<br>704-338-6041<br>704-332-8858 (fax)<br>heickmeier@bradley.com<br><br>**Dana C. Lumsden**<br>Bradley Arant Boult Cummings LLP<br>214 North Tryon Street, Suite 3700<br>Charlotte, NC 28202<br>704-338-6034<br>704-332-8858 (fax)<br>dlumsden@bradley.com<br><br>*Counsel for Defendant*<br>*ANC Healthcare, Inc.* | **Benjamin Harris Van Steinburgh**<br>Roberts & Stevens, P.A.<br>301 College Street<br>Suite 400<br>Asheville, NC 28801<br>828-210-6875<br>bvansteinburgh@roberts-stevens.com<br><br>*Counsel for Defendant*<br>*MH Mission Hospital, LLLP* |

/s/ *Sherlyn Harper*
**SHERLYN HARPER**
Texas State Bar No. 24093176
Assistant Attorney General
Sherlyn.Harper@oag.texas.gov

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: At or before |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        *Kristen A Beightol*
*Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

## **AUTHORIZATION UNDER 28 U.S.C. § 1746**

I, David John Hetzel, MD, authorize the production requested in the foregoing Subpoena, including the production of the materials requested in Exhibit B that follows.

I declare, certify, verify and state under penalty of perjury that the foregoing is true and correct.

Executed on: July 8, 2025

David John Hetzel, MD

## **EXHIBIT B**

## **DEFINITIONS**

The following terms have the following meanings, unless stated otherwise:

1. "Dr. Hetzel" means and refers to Plaintiff David John Hetzel, M.D.

2. "Defendants" means and refers both collectively and/or individually to Defendants HCA Healthcare, Inc.; HCA Management Services, L.P.; MH Master Holdings, LLLP; MH Hospital Manager, LLC; MH Mission Hospital, LLLP; and HCA Healthcare Mission Fund, LLC, including, but not limited to, their subsidiaries or affiliated entities, officers, directors, employees, agents, representatives, contractors, predecessors, successors, assigns, and/or attorneys and anyone authorized to act on their behalf.

3. "You" and "your" means and refers to Texas Tech University Health Sciences Center—El Paso, including, but not limited to, its subsidiaries or affiliated entities, directors, employees, agents, representatives, contractors, predecessors, successors, and/or attorneys and anyone authorized to act on its behalf.

4. The words "relate," "relating," "pertain," "pertaining," "reference," "referencing," "refer," "referring," "regarding" and/or derivatives thereof, whether followed by a preposition or not, have the broadest meaning that may be accorded to them and include, but are not limited to, the following: directly or indirectly mentioning, describing, referring to, pertaining to, being connected with, setting forth, discussing, commenting upon, analyzing, supporting, contradicting, proving, disproving, referring to, constituting concerning, and/or connected, or reflecting in any way upon the stated subject matter of a given request.

5. "Person" and "persons" mean any individual, corporation, firm, company, partnership, joint venture, association, unincorporated association, governmental or public agency, and/or all other legal entities.

6. "Document," "documents and things," "writings" and "electronically stored information" ("ESI") have the fullest meaning and applicable scope as possible under Fed. R. Civ. P. 34 and Fed. R. Evid. 1001. Those terms include, without limitation, each document, thing, and electronic or computerized records, files, and data in your possession, custody, or control, whether a copy, draft, or original, wherever located physically, electronically, or otherwise, with all exhibits, attachments, appendices, and schedules related thereto.

7. "Communication" means any form of intended, attempted, or actual oral, written, graphic, electronic (including, but not limited to any text, email, message or other electronic means), or other representation or articulation from one or more persons to one or more persons.

8. The terms "each" and "every" include the term "each and every." "Any" shall include the term "any and all."

9. The singular of words includes the plural, and the plural includes the singular. Masculine, feminine, or neuter pronouns include the other gender(s).

10. The words "and" and "or" have either a disjunctive or conjunctive meaning to bring within the scope of this request all information that might otherwise be construed to be outside their scope by use of a more restrictive meaning.

**REQUESTED DOCUMENTS**

Please produce the following documents.

1. Plaintiff David John Hetzel, MD's application for a role with and/or employment with you;

2. All background checks performed by you related to Plaintiff David John Hetzel, MD's application for a role with and/or employment with you;

3. All communications to and from Plaintiff David John Hetzel, MD, regarding a role and/or employment with you at any time;

4. All communications to and from Plaintiff David John Hetzel, MD, regarding credentialing at any time;

5. All communications from any Defendant or person affiliated with any Defendant regarding Plaintiff David John Hetzel, MD, at any time;

6. All communications to and from any person or entity regarding David John Hetzel, MD;

7. All communications, requests, responses to and from the National Practitioner Data Bank regarding Plaintiff David John Hetzel, MD;

8. All communications to any medical board regarding Plaintiff David John Hetzel, MD; and

9. All documents referring to and/or relating to your decision relating to Plaintiff David John Hetzel, MD's interest in a role with and/or employment with you.