IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DAVID JOHN HETZEL, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 5:25-MC-008-H-BV |
| ANC HEALTHCARE, INC., *et al.*, | § § § | |
| Defendants. | § § | |

**ORDER RESOLVING SHOW CAUSE**

Non-party Texas Tech University Health Sciences Center at El Paso (TTUHSC) failed to comply with an order to confer, so the Court ordered TTUHSC to show cause for its noncompliance. Based on the response, the Court will not impose sanctions but cautions counsel to carefully read orders; familiarize herself with applicable procedures, rules, and case law; and avoid making statements that inappropriately shift blame.

**1.  Legal Standard**

The court "has inherent authority to sanction parties for violations of procedural rules or court orders, up to and including dismissals with prejudice." *Smith v. Bruster*, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (internal quotation marks and citation omitted); *see Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996) ("Federal courts have inherent powers which include the authority to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets."). "[T]he threshold for the use of inherent power sanctions is high" and should "be exercised only if essential to preserve the authority of the court." *Scaife*, 100 F.3d at

411 (alteration in original) (citations omitted). "In order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in 'bad faith.'" *Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995) (alteration omitted) (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995)). "[A] party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 & n.10 (1991) (noting that "the bad-faith exception resembles the third prong of Rule 11's certification requirement," which requires the signer to certify "that the paper 'is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation'" (citation omitted)).

**2.    Analysis**

TTUHSC's counsel explains that she "unintentionally missed" the Court's deadline to confer with opposing counsel. Dkt. No. 5 at 2. The "failure to comply . . . was a culmination of unexpected case difficulties, court appearances, and human error when the date was inadvertently not included on counsel's internal calendar." *Id.* This explanation describes a failure to carefully read the Court's order, a lack of organization or implementation of appropriate procedures for logging and tracking court-ordered deadlines, or both. As should go without saying, lawyers charged with representing clients in a judicial proceeding must read and comply with court orders. *See Scott v. MEI, Inc.*, No. 21-10680, 2022 WL 1055576, at *1 (5th Cir. Apr. 8, 2022) (per curiam) (citation omitted) (affirming district court's sanction under N.D. Tex. Loc. Civ. R. 83.8(b) for counsel's failure to read court order).

2

Even so, lawyers are human beings, and human beings sometimes make mistakes. Given counsel's ultimate compliance, the Court will not impose sanctions. But in addition to the missed deadline, the Court is troubled that counsel made several statements that reflect that she has not read applicable authority or learned relevant procedures for litigating in this Court.

First, TTUHSC's counsel stated in her initial show-cause response that Plaintiff was not served with a copy of TTUHSC's motion to quash due to "the Court's refiling" of the motion. Dkt. No. 5 at 2.[1] After the Court pointed out that it was *counsel's* responsibility to serve opposing parties with the motion to quash (Dkt. No. 6), counsel backtracked, stating that she did not "intend to blame the Court Clerk for the service issues." Dkt. No. 7 at 2. Instead, "she [merely] attempted to offer a possible explanation for how the glitches [she] . . . experienced in the ECF System may have resulted in service not being made to Plaintiff's counsel." *Id.* But counsel's continued insistence to assign fault to anyone other than herself is problematic. Counsel filed the motion, and it was her responsibility to serve opposing parties. *See* Dkt. No. 6 at 1–2 (citing this District's manuals for ECF filing, which are located on the Court's website).

Moreover, Plaintiff's counsel would have had notice of the motion had TTUHSC's counsel meaningfully conferred in the first place. TTUHSC's counsel insists that she did confer with Plaintiff's counsel, but she apparently misunderstands what constitutes conferral. She identifies the following email as evidence that she conferred:

---

[1] Counsel further stated, "It is believed the service failure arose upon the Court's refiling" of the motion to quash. Dkt. No. 5 at 2. But the Court's records show that counsel docketed the motion—not the Court.

3

> I respectfully ask that you withdraw your subpoena [in light of objections]. If that is not possible, I will file our motion to quash the subpoena. Please this [sic] consider this our effort to confer.

Dkt. No. 7-1. Plaintiff's counsel responded that she was "not in a position to withdraw the subpoena as a whole" but was willing "to confer on limiting specific portions of the subpoena based on the objection." *Id.* Then, instead of arranging a time to discuss the issues, TTUHSC's counsel filed the motion to quash.

Giving the non-movant an ultimatum—withdraw the subpoena or face a motion to quash—is not a conference, much less a meaningful one. *Leaf Trading Cards, LLC v. Upper Deck Co.*, No. 3:17-cv-03200-N-BT, 2020 WL 13891225, at *1 (N.D. Tex. Aug. 20, 2020) ("The contemplated conference must be 'meaningful'; mere notice that a party intends to file a motion does not constitute a meaningful conference."); *Brown v. Bridges*, No. 3:12–cv–4947–P, 2014 WL 2777373, at *2 (N.D. Tex. June 19, 2024) ("The [conference] requirement is part and parcel of the ethical rules governing attorneys and the court rules governing all parties, . . . that require all parties to engage in meaningful discussions in an attempt to resolve matters without court intervention." (citation omitted)).[2] The fact that the parties were able to narrow the scope of their dispute after having a meaningful conference illustrates why this requirement is so important. *Dondi*

---

[2] The requirement that a party meaningfully confer before filing certain motions is not exclusive to the Northern District. *See, e.g., Tana Expl. Co. v. Implicit Oil & Gas, L.P.*, No. 4:13–CV–00334, 2014 WL 12672246, at *1 (S.D. Tex. July 28, 2014) (explaining email informing non-movant that defendant was filing a motion was not "a meaningful attempt to narrow the issues of disagreement between the parties before seeking the court's assistance, adhering to neither the letter nor spirit of the conference requirement"); *McCallum v. Camping World, Inc.*, No. SA-19-cv-01021-OLG, 2020 WL 4557567, at *8 n.9 (W.D. Tex. June 2, 2020) ("[T]he Local Rules require that *both* parties engage in a *good-faith, meaningful* attempt to resolve non-dispositive issues prior to filing a motion.").

*Props. Corp. v. Comm. Sav. & Loan Ass'n*, 121 F.R.D. 284, 289 (N.D. Tex. 1988) (en banc) ("The purpose of the conference requirement is to promote a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought.").[3]  Had there been a meaningful conference before filing the motion to quash, TTUHSC's counsel could have saved State and Court resources.

In sum, the conduct of TTUHSC's counsel fell below the standard the Court requires of attorneys practicing before it.  The Court encourages counsel to familiarize herself with the filing procedures, local rules, and relevant case law before litigating in this District again.  Having resolved all issues, the Clerk is **DIRECTED** to close this case.

**SO ORDERED.**

Dated: October 31, 2025.

*Amy Burch*
AMANDA 'AMY' R. BURCH
**UNITED STATES MAGISTRATE JUDGE**

---

[3] "An attorney appearing in a civil action must comply with the standards of litigation conduct adopted in *Dondi* . . . ." N.D. Tex. Loc. Civ. R. 83.4.1.